IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONNECTOR CASTINGS, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| ARSHON SILICON TECHNOLOGIES, INC. d/b/a ARSHON TECHNOLOGY, INC., d/b/a ARSHON TECHNOLOGY d/b/a ASTINCO, | ) Case No. ) REMOVAL FROM THE CIRCUIT COURT ) OF ST. LOUIS CITY, MISSOURI |
| and | ) |
| SEYED-MAZIAR HOSSEINI a/k/a MAZI HOSSEINI, | ) **JURY TRIAL DEMANDED** |
| and | ) |
| JOHN DOES 1-10, | ) |
| Defendants. | ) |

**DEFENDANTS ARSHON SILICON TECHNOLOGIES, INC.
AND SEYED-MAZIAR HOSSEINI'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendants Arshon Silicon Technology, Inc., incorrectly named as "Arshon Silicon Technologies, Inc." ("Arshon"), and Seyed-Maziar Hosseini ("Hosseini") (together, "Defendants"), through undersigned counsel, hereby remove the above-styled action, pending as Case No. 1522-CC00891, from the Missouri Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis to the United States District Court for the Eastern District of Missouri, Eastern Division pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of removal, Defendants state as follows:

## BACKGROUND

1. On or about April 24, 2015, Plaintiff Connector Castings, Inc. ("Plaintiff"), individually and purportedly on behalf of others similarly situated, filed a "Class Action Junk-Fax Petition" (the "Petition") against Defendants Arshon, Hosseini, and "John Does 1-10" in the Missouri Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis, styled *Connector Castings, Inc. v. Arshon Silicon Technologies, Inc., et al.,* Case No. 1522-CC00891 (the "State Court Action").

2. A copy of the Petition and Plaintiff's Motion for Class Certification filed in the State Court Action are attached hereto as Exhibit A.

3. The Petition in the State Court Action purports to assert a single claim against the Defendants under the Telephone Consumer Protection Act of 1991 as amended (47 U.S.C. § 227) and the regulations promulgated pursuant thereto (referred to collectively in the Petition as the "TCPA"). (*See* Ex. A, Pet., at pp. 1-2 and ¶¶ 15-40, 44-53.)

4. Plaintiff's claim arises out of the alleged transmission of a single fax to Plaintiff allegedly constituting an unsolicited advertisement under the TCPA. (*See id.* at ¶¶ 15-18.) Plaintiff also alleges, on information and belief, that Defendants sent the same and other faxes to approximately forty (40) other, unidentified persons. (*See id.* at ¶ 19.)

## REMOVAL IS PROPER

**I.  This Court has Subject-Matter Jurisdiction over the State Court Action Pursuant to 28 U.S.C. §§ 1331 and 1441.**

5. Pursuant to 28 U.S.C. § 1441(a), defendants may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

6. This Court has original, federal-question jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1331 because the action arises under federal law: the TCPA.

7. Federal-question jurisdiction exists over an action when the plaintiff's well-pleaded complaint contains a claim arising under federal law. *See* 28 U.S.C. § 1331; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

8. Here, the Petition in the State Court Action asserts a claim against the Defendants under 47 U.S.C. § 227 based on the Defendants' alleged transmission of an unsolicited facsimile advertisement to Plaintiff in violation of that section. (*See* Ex. A, Pet., at ¶¶ 15-40, 44-53.)

9. In *Mims v. Arrow Financial Services, L.L.C.,* 132 S. Ct. 740 (2012), the Supreme Court of the United States held that claims asserted under the TCPA arise under federal law such that subject-matter jurisdiction exists under 28 U.S.C. § 1331. *See id.* at 753 (Eleventh Circuit erred in dismissing TCPA claims for lack of subject-matter jurisdiction: "Nothing in the text, structure, purpose, or legislative history of the TCPA calls for displacement of the federal-question jurisdiction U.S. district courts ordinarily have under 28 U.S.C. § 1331.").

10. Accordingly, the State Court Action arises under federal law and is removable pursuant to 28 U.S.C. §§ 1331, 1441. *See e.g., Heller v. HRB Tax Grp., Inc.*, No. 4:11CV1121 TIA, 2012 WL 163843, at *2 (E.D. Mo. Jan. 19, 2012) (citing *Mims*, 132 S.Ct. at 740) (denying motion to remand class action arising under the TCPA: "On January 18, 2012, the United States Supreme Court found in an unanimous decision that the TCPA's grant of jurisdiction to state courts does not deprive this Court of federal-question jurisdiction over private lawsuits seeking to enforce the Act.")

## II. Defendant Has Satisfied the Procedural Requirements for Removal under 28 U.S.C. § 1446 and the Local Rules of this Court.

11. Pursuant to 28 U.S.C. § 1446(a) and E.D. Mo. L. R. 2.03, Defendants attach hereto, marked as Exhibit A, true and correct copies of all process, pleadings, orders and other documents which, as of the date this Notice of Removal is filed, are on file in the State Court Action.

12. Venue is proper in this Court because the State Court Action was filed in the Missouri Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis and the United States District Court for the Eastern District of Missouri, Eastern Division is the "district court of the United States for the district and division within which [the State Court Action] is pending." *See* 28 U.S.C. § 1446(a); E.D. Mo. L.R. 2.07(A)(1).

13. Removal is timely pursuant to 28 U.S.C. § 1446(b) because neither of the Defendants has been served with summons and the Petition in the State Court Action or, alternatively, because this Notice of Removal is filed within thirty (30) days from June 29, 2015: the date on which Defendants' prior counsel orally agreed to accept copies of the Petition in the State Court Action. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353-54 (1999) (thirty-day removal period does not begin to run until a defendant is formally served with summons and the complaint); *see also Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 756 (8th Cir. 2001) (same); *Young v. Flagstar Bank, F.S.B.*, No. 2:14-CV-04097-NKL, 2014 WL 3809201, at *1 (W.D. Mo. Aug. 1, 2014) (same).

14. Pursuant to 28 U.S.C. § 1446(d) and E.D. Mo. L.R. 2.03, after filing the instant Notice of Removal in this Court, the Defendants will promptly file proof of filing this Notice of Removal with the Clerk of the Circuit Court of the City of St. Louis and proof of service on Plaintiff's counsel of record in the State Court Action.

4

15. Pursuant to E.D. Mo. L.R. 2.02, Defendants attach hereto a completed Civil Cover Sheet and a completed Original Filing Form in the forms provided by and available from the Clerk of this Court. (*See* Completed Civil Cover Sheet, attached hereto as Exhibit B; Completed Original Filing Form, attached hereto as Exhibit C.) In addition, Defendant Arshon files concurrently herewith its Disclosure of Organizational Interests Certificate in the form provided by and available from the Clerk of Court.

16. Defendants Arshon and Hosseini jointly file this Notice of Removal. Defendants are informed and believe that no other defendants have been joined in this action.

17. Defendants, therefore, respectfully submit that this Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

18. Nothing in this Notice of Removal constitutes an admission of any allegation in the Petition or a waiver of any defense, argument, or principle of equity available to the Defendants.

WHEREFORE, Defendants respectfully remove the State Court Action from the Missouri Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis to this Court and request that the Court exercise its subject-matter jurisdiction over this matter and grant such other and further relief to the Defendants as it deems necessary and appropriate.

Dated: July 27, 2015                    Respectfully submitted,

**LEWIS RICE LLC**

By:   /s/ Joseph E. Martineau
    Joseph E. Martineau, #32397MO
    Edward T. Pivin, #64086MO
    600 Washington Avenue, Suite 2500
    St. Louis, Missouri  63101
    Telephone:  (314) 444-7600
    Facsimile:  (314) 612-2042
    jmartineau@lewisrice.com
    epivin@lewisrice.com

*Attorneys for Defendants Arshon Silicon Technologies, Inc. and Seyed-Maziar Hosseini*

### CERTIFICATE OF SERVICE

The undersigned certifies that on this 27th day of July, 2015, a true copy hereof was served via electronic mail and U.S. mail, first-class postage prepaid on the following:

Ronald J. Eisenberg, #48674
Robert Schultz, #35329
640 Cepi Drive, Suite A
Chesterfield, MO 63005-1221
Phone: (636) 537-4645
Fax: (636) 537-2599
reisenberg@sl-lawyers.com
rschultz@sl-lawyers.com

*Attorneys for Plaintiff*

By:       /s/ Joseph E. Martineau