# EXHIBIT A

Docket Entries Results

Page 1 of 1



**Your Missouri Courts**

Case.net

Search for Cases by: Select Search Method...

| Judicial Links | eFiling | Help | Contact Us | Print |

GrantedPublicAccess  Logoff PIVINEDWARD

**1522-CC00891 - CONNECTOR CASTINGS INC V ARSHON SILICON TECH ET A (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Click here to eFile on Case  Click here to Respond to Selected Documents  Sort Date Entries: ● Descending ○ Ascending

Display Options:  All Entries

**05/06/2015**  ☐ Jury Trial Scheduled

Scheduled For: 10/13/2015; 9:00 AM ; BRYAN L HETTENBACH; City of St. Louis

**04/26/2015**  ☐ Entry of Appearance Filed

Entry of Appearance of Robert Schultz; Electronic Filing Certificate of Service.
**Filed By:** EARL ROBERT SCHULTZ III
**On Behalf Of:** CONNECTOR CASTINGS, INC.

☐ Motion for Extension of Time

Motion to Extend Deadline to Serve Defendants.
**Filed By:** RONALD JAY EISENBERG
**On Behalf Of:** CONNECTOR CASTINGS, INC.

**04/24/2015**  ☐ Summons Issued-Circuit

Document ID: 15-SMOS-2752, for HOSSENI, SEYED-MAZIAR.

☐ Summons Issued-Circuit

Document ID: 15-SMOS-2751, for ARSHON SILICON TECHNOLOGIES INC..

☐ Filing Info Sheet eFiling

**Filed By:** RONALD JAY EISENBERG

☐ Motion Filed

Motion For Class Certification.
**Filed By:** RONALD JAY EISENBERG
**On Behalf Of:** CONNECTOR CASTINGS, INC.

☐ Pet Filed in Circuit Ct

Class Action Junk-Fax Petition; Ex 1 Website Home Page; Ex 2 Astinco pg 20 website; Ex 3 Fax.
**Filed By:** RONALD JAY EISENBERG

☐ Judge Assigned

Case.net Version 5.13.7.1                    Return to Top of Page                    Released 06/24/2015

Electronically Filed - City of St. Louis - April 24, 2015 - 12:24 PM

**1522-CC00891**

<div align="center">

**IN THE MISSOURI CIRCUIT COURT**
**FOR THE TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS**

</div>

| | | |
|---|---|---|
| CONNECTOR CASTINGS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| ARSHON SILICON | ) | Division: |
| TECHNOLOGIES, INC. d/b/a | ) | |
| ARSHON TECHNOLOGY, INC. | ) | JURY TRIAL DEMANDED |
| d/b/a ARSHON TECHNOLOGY | ) | |
| d/b/a ASTINCO, | ) | |
| | ) | |
| Serve: | ) | |
| Mazi Hosseini, President/CEO | ) | |
| 8888 Keele St., Unit 12 | ) | |
| Concord, Ontario, Canada | ) | |
| L4K 2N2 | ) | |
| | ) | |
| or | ) | |
| Person in Charge | ) | |
| 616 Corporate Way | ) | |
| Suite 2 #5488 | ) | |
| Valley Cottage, NY 10989 | ) | |
| | ) | |
| SEYED-MAZIAR HOSSEINI a/k/a | ) | |
| MAZI HOSSEINI, | ) | |
| | ) | |
| Serve: | ) | |
| 8888 Keele St., Unit 12 | ) | |
| Concord, Ontario, Canada | ) | |
| L4K 2N2 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

<div align="center">

**CLASS ACTION JUNK-FAX PETITION**

</div>

Plaintiff Connector Castings, Inc., brings this junk-fax class action, on

behalf of itself and all others similarly situated, against Defendant Arshon Silicon

<div align="center">1</div>

Electronically Filed - City of St. Louis - April 24, 2015 - 12:24 PM

Technologies, Inc. d/b/a Arshon Technology, Inc. d/b/a Arshon Technology d/b/a Astinco, Defendant Seyed-Maziar a/k/a Mazi Hosseini, and John Does 1-10 under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder (individually and collectively hereafter, "TCPA").

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Connector Castings, Inc., is a Missouri corporation with its principal place of business in St. Louis City, Missouri.

2.      Defendant Arshon Silicon Technologies, Inc. d/b/a Arshon Technology, Inc. d/b/a Arshon Technology Arshon Technology, Inc. d/b/a Arshon Technology d/b/a Astinco (Arshon), is, on information and belief, a corporation with its principal place of business in Toronto, Ontario, Canada.

3.      Although     Arshon's     website,     http://arshon.com/Arshon-Contacts.php (last visited Apr. 13, 2015), lists Arshon's "U.S.A Address" as 616 Corporate Way, Suite 2 #5488, Valley Cottage NY 10989, and a Canadian address, Arshon is not, and has never been, registered with the New York Secretary of State to transact business in New York.  A true copy of Arshon's website is attached as **Exhibit 1**.

4.      Arshon's New York address at 616 Corporate Way is an address of "USAMail," a mail-forwarding service, through which Arshon may receive mail.

5.      Arshon is not registered with the New York Secretary of State to transact business in Missouri.

6.      On its website, Ex. 1, Arshon states, "[w]e have partner consultants

2

Electronically Filed - City of St. Louis - April 24, 2015 - 12:24 PM

in the following cities and states:" and lists "Missouri" as one such state.

7.    Arshon is not registered with the Missouri Secretary of State to transact business in Missouri.

8.    On its website, http://arshon.com/Arshon-Brochure.php (last visited Apr. 13, 2015), Arshon has a webpage containing a link, "Arshon Brochure - Download here," and when the link is clicked page 20 of the pdf brochure that opens identifies "Astinco" and contains the same contact telephone number, (905) 918-3098, as is found elsewhere on Arshon's website. A true copy of page 20 of the brochure is attached as **Exhibit 2**.

9.    Seyed-Maziar a/k/a Mazi Hosseini (Hosseini), is an individual who, on information and belief, resides in Toronto, Ontario, Canada.

10.    Hosseini is a professional engineer, with Professional Engineer Ontario License No. 100077942.

11.    Hosseini is President and CEO of Arshon.

12.    John Does 1-10 are not presently known and will be identified through discovery.

13.    This Court has personal jurisdiction over Defendants under 47 U.S.C. § 227(b)(3), because Defendants sent at least one illegal fax into Missouri, Defendants transact business within this state, Defendants have made contracts within this state, Defendants have committed tortious acts within this state, including conversion of fax recipients' paper, ink, and toner, and/or Defendants otherwise have sufficient minimum contacts with this state.

3

Electronically Filed - City of St. Louis - April 24, 2015 - 12:24 PM

14.     Venue is proper under the TCPA and/or under Missouri Revised Statutes § 508.010.2.

## THE FAX

15.     On or about March 10, 2015, Defendants used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 421-5433 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 3** (Fax).

16.     A smaller copy of the Fax is pasted below:

---

3/10/2015  4:26 PM   FROM: 8776467775                    TO: +13144215433                P.   1

**ARSHON**
TECHNOLOGY

616 Corporate Way, Suite 215488
Valley Cottage NY, USA 10989

3333 Keele St., Unit 6 & 12
Concord, Ontario, Canada L4K2N2

Date : 2015-03-10

Dear *Steve Ragaini*

Title : Plant Manager

Company : Connector Castings, Inc.

A moment of your time reviewing my letter may benefit you substantially in the future!

Do you have innovative ideas to improve your business or have to invent new products? Your ideas may envision new products, or they may lead to new features on existing products.

We, at *Arshon Technology* can help you in any phase of design and development. We have over 20 design engineers with more than 10 years of experience in new product developments.

In case that you have a product that you are already producing, we can review the design for free and see how we can take it to a higher level. Our consulting services are free. Even in some cases, we are willing to design for free if we find potential partnership opportunities.

Majority of our works are confidential due to their nature. Therefore, we cannot disclose any information without a signed NDA. However, if you need to gain some insight into our capabilities and products, please take a look at our website at www.arshon.com.

We have extensive experience in the field of consumer electronics, industrial electronics, control systems, medical devices, wireless applications, energy products, power measuring/monitoring, smartphone related devices and etc.

I, personally would be very happy to talk to you and discuss any existing opportunities.

Consider us as a reliable partner for any R&D work and let's get into business.

**Best Regards,**
**Mazi Hosseini M.A.Sci., P.ENG**
**CEO of Arshon Technology Inc.**

Please note: this is a onetime fax message and we will not contact you in the future, unless you want us to do!

---

info@arshon.com                              Phone. (877) 207-2349
www.arshon.com                               Fax. (877) 416- 4278

Ex. 3

Electronically Filed - City of St. Louis - April 24, 2015 - 12:24 PM

17.   Plaintiff received the Fax through Plaintiff's facsimile machine.

18.   The Fax constitutes material advertising quality or commercial availability of any property, goods, or services, including consulting services and R&D work.

19.   On information and belief, Defendants have sent other facsimile transmissions of material advertising the quality or commercial availability of property, goods, or services to Plaintiff and to at least 40 other persons as part of a plan to broadcast fax advertisements, of which the Fax is an example.

20.   The Fax bears Hosseini's signature.

21.   Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent; and (d) determining the number and frequency of the facsimile transmissions.

22.   Defendants had a high degree of involvement in, or actual notice of, the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

23.   Defendants created or made the Fax and other fax advertisements, which Defendants sent to Plaintiff and to other members of the "Class" as defined below.

24.   The Fax, and the other similar or identical facsimile advertisements, is a part of Defendants' work or operations to market

5

Electronically Filed - City of St. Louis - April 24, 2015 - 12:24 PM

Defendants' products, goods, or services, which was sent by and on behalf of Defendants.

25. The Fax and the other facsimile advertisements constitute material furnished in connection with Defendants' work or operations.

26. The Fax sent to Plaintiff, and the other facsimile advertisements sent by Defendants, did not contain a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements.

27. Defendants' similar facsimile advertisements, including the Fax to Plaintiff, did not contain a notice stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful.

28. The transmissions of facsimile advertisements, including the Fax, to Plaintiff, did not contain a notice that complied with 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii).

29. The transmissions of facsimile advertisements, including the Fax, to Plaintiff was required to contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii).

30. On information and belief, Defendants sent multiple facsimile advertisements to Plaintiff and members of the Class throughout the time period covered by the Class definition below.

6

Electronically Filed - City of St. Louis - April 24, 2015 - 12:24 PM

31.     On information and belief, Defendants faxed the same and other facsimile advertisements to the members of the Class in Missouri and throughout the United States without first obtaining the recipients' prior express invitation or permission.

32.     There is no reasonable means for Plaintiff or other Class members to avoid receiving unlawful faxes but to receive lawful faxes.

33.     Defendants violated the TCPA by transmitting the Fax to Plaintiff and to the Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4).

34.     The opt-out notice on the Fax lacked requisite telephone and facsimile numbers for the recipient to opt-out from future faxed advertisements.

35.     The Fax lacked an opt-out notice stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful.

36.     Defendants knew or should have known that (a) facsimile advertisements, including the Fax, were advertisements, (b) Plaintiff and the other Class members had not given their prior invitation or permission to receive facsimile advertisements, (c) no established business relationship existed with Plaintiff and the other Class members, and (d) Defendants' facsimile advertisements did not display a proper opt-out notice.

7

Electronically Filed - City of St. Louis - April 24, 2015 - 12:24 PM

37.     Defendants failed to determine correctly the legal restrictions on the use of facsimile transmissions and the application of those restrictions to facsimile advertisements, including the Fax, both to Plaintiff and the Class.

38.     The transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class caused unwanted use and destruction of their property, including toner or ink and paper, and caused undesired wear on hardware.

39.     The transmissions of facsimile advertisements, including the Fax, to Plaintiff and to Class interfered with their exclusive use of their property.

40.     The transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class interfered with their business and/or personal communications and privacy interests.

## CLASS ACTION ALLEGATIONS

41.     Plaintiff brings this class action on behalf of the following class of persons, hereafter, the "Class":

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants, (3) with respect to whom Defendants cannot provide evidence of prior express invitation or permission for the sending of such faxes, (4) with whom Defendants do not have an established business relationship, or (5) which (a) did not display a clear and conspicuous opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful, (b) lacked a telephone number for sending the opt-out request, or (c) lacked a facsimile number for sending the opt-out request.

Electronically Filed - City of St. Louis - April 24, 2015 - 12:24 PM

42.    Excluded from the Class are Defendants, their employees, agents, and members of the judiciary.

43.    This case is appropriate as a class action because:

a.    Numerosity.  On information and belief, based in part on review of the sophisticated Fax and online research as to Defendants and their marketing practices, the Class includes at least 40 persons and is so numerous that joinder of all members is impracticable.

b.    Commonality.  Questions of fact or law common to the Class predominate over questions affecting only individual Class members, e.g.:

    i.    Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

    ii.    Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the commercial availability of any property, goods or services;

    iii.    Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the quality of any property, goods or services;

    iv.    The manner and method Defendants used to compile or obtain the list of fax numbers to which Defendants sent the Fax and other unsolicited faxed advertisements;

    v.    Whether Defendants faxed advertisements without first obtaining the recipients' prior express invitation or permission;

    vi.    Whether Defendants violated 47 U.S.C. § 227;

    vii.    Whether Defendants willingly or knowingly violated 47 U.S.C. § 227;

    viii.    Whether Defendants violated 47 C.F.R. § 64.1200;

    ix.    Whether the Fax, and the other fax advertisements sent by or on behalf of Defendants, displayed the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4);

    x.    Whether the Court should award statutory damages;

    xi.    Whether the Court should award treble damages; and

Electronically Filed - City of St. Louis - April 24, 2015 - 12:24 PM

xii.    Whether the Court should enjoin Defendants from sending TCPA-violating facsimile advertisements in the future.

c.    <u>Typicality.</u>  Plaintiff's claim is typical of the other Class members' claims, because, on information and belief, the Fax was substantially the same as the faxes sent by or on behalf of Defendants to the Class, and Plaintiff is making the same claim and seeking the same relief for itself and all Class members based on the same statute and regulation.

d.    <u>Adequacy.</u>  Plaintiff will fairly and adequately protect the interests of the other Class members.  Plaintiff's counsel are experienced in class actions and TCPA claims.   Neither Plaintiff nor Plaintiff's counsel has interests adverse or in conflict with the absent Class members.

e.    <u>Superiority.</u>  A class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of each individual Class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

44.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1).

45.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

Electronically Filed - City of St. Louis - April 24, 2015 - 12:24 PM

46.     The TCPA provides:

Private right of action.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

> (A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

> (B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

> (C)     Both such actions.

47 U.S.C. § 227(b)(3)(A)-(C).

47.     The TCPA also provides that that Court, in its discretion, may treble the statutory damages if a defendant "willfully or knowingly" violated Section 227(b) or the regulations prescribed thereunder.

48.     "A facsimile broadcaster will be liable for violations of [Section 64.1200(a)(4)]. . . , including the inclusion of opt-out notices on unsolicited advertisements, if it demonstrates a high degree of involvement in, or actual notice of, the unlawful activity and fails to take steps to prevent such facsimile transmissions." 47 C.F.R. § 64.1200(a)(4)(vii).

49.     Because the TCPA is a strict liability statute; Defendants are liable to Plaintiff and the Class even if Defendants only acted negligently.

50.     Defendants' actions caused damage to Plaintiff and the Class, as

Electronically Filed - City of St. Louis - April 24, 2015 - 12:24 PM

a.     receiving Defendants' faxed advertisements caused the recipients to lose paper and toner consumed in printing Defendants' faxes;

b.     Defendants' actions interfered with the recipients' use of the recipients' fax machines and telephone lines;

c.     Defendants' faxes cost the recipients time, which was wasted time receiving, reviewing, and routing the unlawful faxes, and such time otherwise would have been spent on business activities; and

d.     Defendants' faxes unlawfully interrupted the recipients' privacy interests in being left alone.

51.     Defendants intended to cause damage to Plaintiff and the Class, to violate their privacy, to interfere with the recipients' fax machines, or to consume the recipients' valuable time with Defendants' advertisements; therefore, treble damages are warranted under 47 U.S.C. § 227(b)(3).

52.     Defendants knew or should have known that (a) Plaintiff and the other Class members had not given express invitation or permission for Defendants or anyone else to fax advertisements about Defendants' property, goods, or services, (b) Defendants did not have an established business relationship with Plaintiff and the other Class members, (c) the Fax and the other facsimile advertisements were advertisements, and (d) the Fax and the other facsimile advertisements did not display the proper opt out notice.

53.     Defendants violated the TCPA by transmitting the Fax to Plaintiff and substantially similar facsimile advertisements to the other Class members

Electronically Filed - City of St. Louis - April 24, 2015 - 12:24 PM

without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).

WHEREFORE, Plaintiff Connector Castings, Inc., individually and on behalf of all others similarly situated, demands judgment in its favor and against all Defendants, jointly and severally, as follows:

a.  certify this action as a class action and appoint Plaintiff as Class representative;

b.  appoint the undersigned counsel as Class counsel;

c.  award damages of $500 per facsimile pursuant to 47 U.S.C. § 227(a)(3)(B);

d.  award treble damages up to $1,500 per facsimile pursuant to 47 U.S.C. § 227(a)(3);

e.  enjoin Defendants and their contractors, agents, and employees from continuing to send TCPA-violating facsimiles pursuant to 47 U.S.C. § 227(a)(3)(A);

f.  award class counsel reasonable attorneys' fees and all expenses of this action and require Defendants to pay the costs and expenses of class notice and claim administration;

g.  award Plaintiff an incentive award based upon its time expended on behalf of the Class and other relevant factors;

h.  award Plaintiff prejudgment interest and costs; and

i.  grant Plaintiff all other relief deemed just and proper.

SCHULTZ & ASSOCIATES LLP

By: /s/ Ronald J. Eisenberg
    Ronald J. Eisenberg, #48674
    Robert Schultz, #35329
    640 Cepi Drive, Suite A
    Chesterfield, MO 63005-1221
    (636) 537-4645
    Fax: (636) 537-2599
    reisenberg@sl-lawyers.com
    rschultz@sl-lawyers.com

*Attorneys for Plaintiff*

13

**1522-CC00891**

Electronically Filed - City of St. Louis - April 24, 2015 - 12:24 PM

IN THE MISSOURI CIRCUIT COURT
FOR THE TWENTY-SECOND JUDICIAL CIRCUIT
CITY OF ST. LOUIS

| | |
|---|---|
| CONNECTOR CASTINGS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ARSHON SILICON )<br>TECHNOLOGIES, INC. d/b/a )<br>ARSHON TECHNOLOGY, INC. )<br>d/b/a ARSHON TECHNOLOGY )<br>d/b/a ASTINCO et al., )<br>)<br>Defendants. ) | Case No.<br><br>Division: |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Connector Castings, Inc., requests, under Missouri Supreme Court Rule 52.08, that this Court certify as a class action its case against Defendants for violation of the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder (individually and collectively hereafter, "TCPA").

This case involves annoying unwanted junk faxes. Plaintiff seeks certification for the following Class of similarly situated persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants, (3) with respect to whom Defendants cannot provide evidence of prior express invitation or permission for the sending of such faxes, (4) with whom Defendants do not have an established business relationship, or (5) which (a) did not display a clear and conspicuous opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the

1

Electronically Filed - City of St. Louis - April 24, 2015 - 12:24 PM

requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful, (b) lacked a telephone number for sending the opt-out request, or (c) lacked a facsimile number for sending the opt-out request.

Plaintiff further requests that the Court appoint Plaintiff as the class representative and Schultz & Associates LLP as class counsel. In further support of this motion, Plaintiff states as follows:

1.      This action seeks class-wide redress for violations of the TCPA because Defendants sent TCPA-violating junk faxes to Plaintiff. "Class certification is normal in litigation under §227, because the main questions, such as whether a given fax is an advertisement, are common to all recipients." *Ira Holtzman, C.P.A., & Assocs. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013).

2.      Plaintiff is filing this motion at this time to avoid any attempt by Defendants to "pick off" Plaintiff through an offer of judgment or individual settlement offer, as suggested by some court decisions. *See, e.g., Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011); Mo. S. Ct. R. 77.04 (offer of judgment); *Sandusky Wellness Ctr. LLC v. Co. v. Medtox Scientific*, No. 12-2066, 2015 U.S. Dist. LEXIS 9113, at **4-6 (D. Minn. Jan. 27, 2015) (granting summary judgment in TCPA case because settlement offer mooted claims); *Goans Acquisition, Inc. v. Merchant Solutions, LLC*, 2013 WL 5408460, at **6-7 (W.D. Mo. Sept. 26, 2013) (granting dismissal of putative class action after defendant's offer of judgment). *But see Alpern v. UtiliCorp. United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996) ("Judgment should be entered against a putative class representative on a defendant's offer of payment only where class certification has been properly denied and the offer satisfies the representative's entire demand for injuries and cost of the suit."); *Prater v. Medicredit, Inc.*, 301 F.R.D. 398, 400 (E.D. Mo. 2014).

2

Electronically Filed - City of St. Louis - April 24, 2015 - 12:24 PM

Magistrate Judge Terry Adelman of the United States District Court for the Eastern District of Missouri rejected a pick-off attempt, but cautioned that "in future cases, putative class action plaintiffs would be wise to immediately file such motions [for class certification] to protect the class from similar motions to dismiss based on offers of judgment." *March v. Medicredit, Inc.*, No. 4:13CV1210 TIA, 2013 U.S. Dist. LEXIS 171126, at **10-11 (E.D. Mo. Dec. 4, 2013). Plaintiff heeded such advice. Although Plaintiff has not yet had an opportunity to conduct discovery, Plaintiff intends to do so and to file an amended or supplemental motion for class certification thereafter. Therefore, Plaintiff requests that the Court stay ruling on this motion and that the Court allow Plaintiff to amend or supplement.

3.      All prerequisites of Rule 52.08 for class certification have been met.

4.      <u>Numerosity</u>. Given the nature of the Fax identified in the Class Action Petition, which appears to be a form document, it is apparent that Defendants did not create the sophisticated Fax solely to send it to Plaintiff but rather used it as part of their much broader advertising campaign. Plaintiff alleged that, on information and belief, Defendants sent the same or other substantially similar unsolicited facsimiles without the required opt-out language, from 47 C.F.R. § 64.1200(a)(4), to more than forty other persons or entities and that joinder of all Class members is impracticable. "Class certifications have been upheld where the class is composed of 100 or even less." *Dale v. DaimlerChrysler Corp.*, 204 S.W.3d 151, 168 (Mo. Ct. App. W.D. 2006) (citing cases in which 18, 19, 25, 51, 72, 92 class members were sufficient). Numerosity is satisfied and joinder is impracticable given the large number of class members. *See* Mo. S. Ct. R. 52.08(a)(1).

Electronically Filed - City of St. Louis - April 24, 2015 - 12:24 PM

5.    <u>Commonality and Predominance</u>:  There is a well-defined commonality of interest and common questions of law and fact that predominate over any questions affecting individual members of the Class, including, but not limited to, the following:

    a.    Whether Defendants sent unsolicited facsimile advertisements;

    b.    Whether the facsimiles Defendants sent advertised the commercial availability or quality of any property, goods, or services;

    c.    Whether the facsimiles Defendants sent contained a TCPA-compliant "opt-out notice";

    d.    The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent the Fax and other unsolicited facsimile advertisements;

    e.    Whether Defendants sent unsolicited facsimile advertisements without first obtaining the recipients' prior express invitation or permission;

    f.    Whether Defendants violated the TCPA;

    g.    Whether Defendants should be enjoined from sending TCPA-violating facsimile advertisements in the future;

    h.    Whether Plaintiff and the Class are entitled to statutory damages; and

    i.    Whether the Court should award treble damages for Defendants' knowing and willful violations of the TCPA.

The class definition ensures that the Class members have identical claims, both factually and legally, and that there are common defenses available to Defendants for each Class member. *See* Mo. S. Ct. R. 52.08(a)(2).

6.    <u>Typicality</u>:  Plaintiff's claims are typical of the Class in that Plaintiff and the Class all suffered damages as a direct and proximate result of the same wrongful

4

Electronically Filed - City of St. Louis - April 24, 2015 - 12:24 PM

practices and conduct of Defendants.  Plaintiff's claims are based upon the same legal theories, statutes, and regulations as the Class members' claims.

7.    Adequacy:  Plaintiff will fully and adequately protect the interests of the members of the Class, does not have interests which are contrary to, or conflicting with, those interests for the Class, and has retained experienced and qualified counsel. Plaintiff has been actively engaged in assisting its counsel with the case and Plaintiff's counsel have filed at least twenty-five class action lawsuits since January 2012, settled some of them, successfully defended class actions, and argued class actions before the Missouri Supreme Court and the Eighth Circuit Court of Appeals.  *See, e.g., Nickell v. Shanahan,* 439 S.W.3d 223 (Mo. banc 2014) (successfully defended); *Hargis v. JLB Corp.,* 357 S.W.3d 574 (Mo. banc 2011) (successfully defended); *Suzanne Degnen, D.M.D., P.C. v. United Bankcard, Inc.,* No. 4:13-cv-00567-CEJ (E.D. MO. 2013) (settled on class-wide basis); *Suzanne Degnen, D.M.D., P.C. v. Entrust Cos. LLC,* No. 12SL-CC04715 (St. Louis County Cir. Ct.) (settled on class-wide basis).  Plaintiff's counsel have achieved Martindale-Hubbell® Peer Review Ratings™ of AV® Preeminent™.

8.    Superiority:  A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia,* it is economically impracticable for members of the Class to prosecute individual actions, the Class is readily definable, prosecution as a class action will eliminate the possibility of repetitious and redundant litigation, prosecution as a class action will eliminate the possibility of inconsistent rulings, and a class action will enable the claims to be handled in an orderly expeditious manner.

9.    Class certification is appropriate, because prosecution of separate actions by individual class members would create a risk of inconsistent and varying

Electronically Filed - City of St. Louis - April 24, 2015 - 12:24 PM

adjudications as to individual members of the class, which would establish incompatible standards of conduct required of Defendants.

10.     Class certification is appropriate, because Defendants have acted on grounds generally applicable to the Class, by sending similar faxes, and refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

11.     A class action is an appropriate and a superior method for the fair and efficient adjudication of the controversy insofar as common questions of law and/or fact predominate over any individual questions which may arise, and there would be significant savings to the Class and to Defendants in litigating common issues on a class-wide basis.

12.     No unusual difficulties are likely to be encountered in the management of the case on a class basis.

WHEREFORE, Plaintiff requests that this Court certify this case as a class action as to the Class defined herein, appoint Plaintiff as class representative, appoint Ronald J. Eisenberg and Robert Schultz of Schultz & Associates LLP as class counsel, stay further certification briefing, and grant Plaintiff any additional relief deemed proper.

SCHULTZ & ASSOCIATES LLP

By:  /s/ Ronald J. Eisenberg
     Ronald J. Eisenberg, #48674
     Robert Schultz, #35329
     640 Cepi Drive, Suite A
     Chesterfield, MO 63005-1221
     (636) 537-4645
     Fax: (636) 537-2599
     reisenberg@sl-lawyers.com
     rschultz@sl-lawyers.com

     *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The above-signed certifies that this motion was filed through the eFiling system.

7

Electronically Filed - City of St. Louis - April 24, 2015 - 12:24 PM



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>BRYAN L HETTENBACH | Case Number:  1522-CC00891 |
|---|---|
| Plaintiff/Petitioner:<br>CONNECTOR CASTINGS, INC.<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>STE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br>ARSHON SILICON TECHNOLOGIES INC. | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | *(Date File Stamp)* |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  ARSHON SILICON TECHNOLOGIES INC.
            Alias:  DBA ARSHON TECHNOLOGY INC
            DBA ARSHON TECHNOLOGY
            DBA ASTINCO

MAZI HOSSEINI, PRESIDENT/CEO                         PERSON IN CHARGE
8888 KEELE ST                                    616 CORPORAYE WAY
UNIT 12                                        SUITE 2#5488
CONCORD, ON  L4K2N2                          VALLEY COTTAGE, NY  10989

*COURT SEAL OF*          You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*CITY OF ST LOUIS*

                 April 24, 2015                           *Thomas Kloeppinger*
                    Date                                 Thomas Kloeppinger
                                           Circuit Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
      _____, a person of the Defendant's/Respondent's family over the age of 15 years.
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
      _____ (name) _____ (title).
    ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

      Printed Name of Sheriff or Server                      Signature of Sheriff or Server

               Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
               I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
                               ☐ the judge of the court of which affiant is an officer.
                               ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                                  (use for out-of-state officer)
*(Seal)*                          ☐ authorized to administer oaths.  (use for court-appointed server)

                                                  Signature and Title

| Service Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____ miles @ $_____ per mile) |
| Total | $_____ | |

See the following page for directions to clerk and to officer making return on service of summons.

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner's has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.



**IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>BRYAN L HETTENBACH | Case Number: 1522-CC00891 |
|---|---|
| Plaintiff/Petitioner:<br>CONNECTOR CASTINGS, INC.<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>STE A<br>CHESTERFIELD, MO 63005 |
| Defendant/Respondent:<br>ARSHON SILICON TECHNOLOGIES INC. | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **SEYED-MAZIAR HOSSENI**
Alias: **MAZI HOSSEINI**

**8888 KEELE ST**
**UNIT 12**
**CONCORD, ON L4K2N2**

**COURT SEAL OF**

**CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**April 24, 2015**
Date

*Thomas Kloeppinger*
Thomas Kloeppinger
Circuit Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

Printed Name of Sheriff or Server          Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| Total | $_____ |

See the following page for directions to clerk and to officer making return on service of summons.

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

Electronically Filed - City of St. Louis - April 26, 2015 - 03:58 PM

**IN THE MISSOURI CIRCUIT COURT**
**FOR THE TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS**

| | | |
|---|---|---|
| **CONNECTOR CASTINGS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1522-CC00891** |
| | ) | |
| **ARSHON SILICON** | ) | **Div. 1** |
| **TECHNOLOGIES, INC. d/b/a** | ) | |
| **ARSHON TECHNOLOGY, INC.** | ) | |
| **d/b/a ARSHON TECHNOLOGY** | ) | |
| **d/b/a ASTINCO, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S MOTION FOR EXTENSION TO TIME TO SERVE DEFENDANTS

Plaintiff Connector Castings, Inc., pursuant to Missouri Supreme Court Rule 54.21, requests that the deadline for service of the summonses and petition on Defendant Arshon Silicon Technologies, Inc. d/b/a Arshon Technology, Inc. d/b/a Arshon Technology d/b/a Astinco and Defendant Seyed-Maziar Hosseini a/k/a Mazi Hosseini be extended to 90 days from issuance of the summons in order to allow sufficient time to obtain service on Defendants, who may reside in Canada and be difficult to serve.

SO ORDERED THIS _____ DAY OF _____, 2015

_____
Circuit Judge

1

Electronically Filed - City of St. Louis - April 26, 2015 - 03:58 PM

SCHULTZ & ASSOCIATES LLP


By:  /s/ Ronald J. Eisenberg
      Ronald J. Eisenberg, #48674
      Robert Schultz, #35329
      640 Cepi Drive, Suite A
      Chesterfield, MO 63005-1221
      (636) 537-4645
      Fax: (636) 537-2599
      reisenberg@sl-lawyers.com
      rschultz@sl-lawyers.com

      *Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

The above-signed certifies that this motion was filed through the eFiling system on April 26, 2015.

2

Electronically Filed - City of St. Louis - April 26, 2015 - 04:03 PM

**IN THE MISSOURI CIRCUIT COURT
FOR THE TWENTY-SECOND JUDICIAL CIRCUIT
CITY OF ST. LOUIS**

| | | |
|---|---|---|
| CONNECTOR CASTINGS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 1522-CC00891** |
| | ) | |
| ARSHON SILICON | ) | **Div. 1** |
| TECHNOLOGIES, INC. d/b/a | ) | |
| ARSHON TECHNOLOGY, INC. | ) | |
| d/b/a ARSHON TECHNOLOGY | ) | |
| d/b/a ASTINCO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**ENTRY OF APPEARANCE OF ROBERT SCHULTZ**</u>

Robert Schultz of Schultz & Associates LLP enters his appearance as additional

counsel for Plaintiff Connector Castings, Inc.

SCHULTZ & ASSOCIATES LLP

By: <u>/s/ Robert Schultz</u>
Ronald J. Eisenberg, #48674
Robert Schultz, #35329
640 Cepi Drive, Suite A
Chesterfield, MO 63005-1221
(636) 537-4645
Fax: (636) 537-2599
reisenberg@sl-lawyers.com
rschultz@sl-lawyers.com

*Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

The above-signed certifies that this motion was filed through the eFiling system
on April 26, 2015.

1