# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CONNECTOR CASTINGS, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 4:15cv01148 TCM |
| ARSHON SILICON TECHNOLOGIES, INC., and SEYED-MAZIAR HOSSEINI, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on a motion to strike filed by Connector Castings, Inc. ("Plaintiff") [Doc. 14]. Arshon Silicon Technologies, Inc. and Seyed-Maziar Hosseini ("Defendants") oppose the motion; and ask leave to file an amended answer if the motion to strike is granted in whole or in part. Plaintiff does not oppose Defendants' request for leave to file an amended answer.

Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff moves to strike as improper numerous paragraphs of Defendants' answer that deny allegations. Rule 8(b) requires a litigant responding to a pleading to admit or deny each allegation asserted against it. Rule 8(b)(1)(B). Denials "must fairly respond to the substance of the allegation[s]." Rule 8(b)(2). To deny only certain allegations, the litigant must either "specifically deny designated allegations or generally deny all except those specifically admitted." Rule 8(b)(3). Here, Defendants specifically denied designated allegations and specifically admitted others.

Rule 12(f) allows a court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." District courts have broad discretion under Rule 12(f), but

motions to strike "are viewed with disfavor and are infrequently granted." **Stanbury Law Firm v. I.R.S.**, 221 F.3d 1059, 1063 (8th Cir. 2000) (reversing the grant of a motion to strike pleadings) (internal quotation marks omitted) (quoting Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977)).

In its motion to strike, Plaintiff first challenges paragraphs in which Defendants answered that alleged information "speaks for itself" (paragraphs 3, 6, 8, 15-16, 20, 26-28, 34-35, and 44-49). These responses, which addressed allegations specifically identifying websites, faxes, statutory provisions, or regulations, are not improper characterizations of such written materials. See, e.g., **Emmenegger v. Bull Moose Tube Co.**, 197 F.3d 929, 935 (8th Cir. 1999) (noting that "[t]he document speaks for itself . . . ."), reversed on other grounds, 324 F.3d 616 (8th Cir. 2003). Additionally, Defendants denied the allegations in those challenged paragraphs to the extent they were inconsistent with the specifically identified material or contained other allegations.

Next, Plaintiff challenges paragraphs in which Defendants answered that alleged information consists of "legal conclusions" to which an answer is not required (paragraphs 13-14, 18-19, 29, 33-37, 44-49, and 53). Notably, Defendants further answered these paragraphs by denying the allegations to the extent a response was required.

Finally, Plaintiff challenges Defendants' denial of allegations based on a lack of knowledge or information (paragraphs 1, 15-17, 38-40, 42, and 50). Such a denial comports with Rule 8(b)(5) ("A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial").

The challenged paragraphs in Defendants' answer satisfy Defendants' responsibility under Rule 8(b) to deny each allegation specifically and fairly. Additionally, none of Defendants' challenged denials contain redundant, immaterial, impertinent, or scandalous matter.

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Plaintiff's motion to strike [Doc. 14] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' request for leave to file an amended answer is **DENIED**.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Date this 6th day of October, 2015.