UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONNECTOR CASTINGS, INC., ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-cv-01148-PLC |
| ) | |
| ARSHON SILICON TECHNOLOGIES, ) | |
| INC. d/b/a ARSHON TECHNOLOGY, ) | |
| INC. d/b/a ARSHON TECHNOLOGY ) | |
| d/b/a ASTINCO, and SEYED-MAZIAR ) | |
| HOSSEINI a/k/a MAZI HOSSEINI, ) | |
| ) | |
|    Defendants. ) | |

ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

**WHEREAS**, Plaintiff Connector Castings, Inc. ("Plaintiff" or "Class Representative") and Defendants Arshon Silicon Technology, Inc., and Seyed-Maziar Hosseini ("Defendants") have entered into a Proposed Settlement Agreement effective March 29, 2016 ("Settlement Agreement") that provides for a class action settlement of this litigation ("Action"); and

**WHEREAS**, Plaintiff filed its Motion for Preliminary Approval of Class Action Settlement on May 19, 2016; and

**WHEREAS**, this Court has read and considered the Settlement Agreement along with the Exhibits thereto and has also read and considered Plaintiff's Motion for Preliminary Approval of Class Action Settlement; and

**WHEREAS**, this Court finds that there is good cause shown for granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement;

1

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The capitalized terms used in this Order granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement shall have the same meanings set forth in the Settlement Agreement.

2. Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court hereby preliminarily determines that this Action may proceed as a class action on behalf of the following Class:

> All individuals or entities in the United States (1) who subscribed to a telephone facsimile number from April 24, 2011, through the date of preliminary approval to which a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services was sent by or on behalf of Defendants during that time period, (2) with respect to whom Defendants cannot provide evidence of prior express invitation or permission for the sending of such faxes, and (3) either with whom (a) Defendants do not have an established business relationship, or (b) the fax identified in subpart (1) of this definition (i) did not display a clear and conspicuous opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful, (ii) lacked a telephone number for sending the opt-out request, or (iii) lacked a facsimile number for sending the opt-out request.

3. Excluded from membership in the Class (a) Defendants and any employees of Defendants; (b) the Judge to whom the Action is assigned; and (c) any member of the Judge's staff or immediate families.

4. The Court preliminarily finds, solely for purposes of considering this Settlement, that the requirements of Federal Rule of Civil Procedure 23 are conditionally satisfied, including requirements that the Class Members are too numerous to be joined in a single action; that common issues of law and fact exist; that the claims of the Class Representative are typical of the claims of the Class Members; that the Class Representative and Class Counsel can

adequately protect the interests of the Class Members; that questions of law or fact common to class members predominate over any questions affecting only individual members; and that a settlement class is superior to alternative means of resolving the claims and disputes at issue in this Action.

5.     Certification of the Class shall be solely for settlement purposes and without prejudice to the Parties in the event that the Settlement is not finally approved by the Court or otherwise does not take effect.  Certification of the Class shall be vacated and shall have no effect in the event that the Settlement is not finally approved by this Court or otherwise does not take effect.

6.     The Court conditionally appoints Ronald J. Eisenberg, Robert Schultz, and Mary Schultz of Schultz & Associates LLP as Class Counsel and Plaintiff Connector Castings, Inc., as Class Representative for purposes of this Settlement.  The Court preliminarily finds that the Class Representative and Class Counsel fairly and adequately represent and protect the interests of the absent Class Members.

7.     Subject to further consideration by the Court at the time of the Final Approval Hearing, the Court preliminarily approves the Settlement as fair, reasonable, and adequate to the Class and as falling within the range of possible final approval.

8.     The Final Approval Hearing shall be held before this Court at **10:00 a.m.** on **September 16, 2016**, at the United States District Court for the Eastern District of Missouri, to address: (a) whether the proposed Settlement should be finally approved as fair, reasonable, and adequate and whether the Final Approval Order should be entered; and (b) whether Class Counsel's application for attorneys' fees, expenses, and costs, and an incentive award should be approved.  Consideration of Class Counsel's application for an award of attorneys' fees,

expenses, and costs, and an incentive award shall be separate from consideration of whether the proposed Settlement should be approved and shall be embodied in a separate order. The Court may continue this hearing without providing further notice to Class Members.

9. The Court approves, as to form and content, the Long Form Notice, and Direct Mail Notice attached as Exhibits "B" and "C" to the Settlement Agreement, respectively.

10. No later than 10 business days from the entry of this Preliminary Approval Order the Claims Administrator shall post on the Settlement Website a Question and Answer Notice ("Q&A Notice"), which shall set forth in a question and answer format the details of the settlement and the rights of Class Members to participate in the settlement, exclude themselves, or object to the settlement. The settlement website shall contain downloadable copies of the Preliminary Approval Order, Long Form Notice, Settlement Agreement, Claim Form, and when filed, Class Counsel's motions for attorneys' fees, expenses, and costs and for an incentive award for the Class Representative. The settlement website shall also contain appropriate links through which Settlement Class Members can submit a claim online.

11. No later than 30 days after this Preliminary Approval Order is entered, the Claims Administrator shall provide notice by direct mail to all Class Members. If the Claims Administrator is unable to reasonably ascertain current address information from available information, then the Claims Administrator shall send the Direct Mail Notice to the fax number of the Class Member.

12. The Court finds that the Parties' plan for providing notice to the Class ("Notice Plan") described in Section IX of the Settlement Agreement and in Paragraphs 10-11 of this Order: (i) constitutes the best notice practicable under the circumstances; (ii) constitutes due and

sufficient notice to the Class; and (iii) satisfies the requirements of Federal Rule of Civil Procedure 23 and the United States Constitution.

13. Any Settlement Class Member shall be entitled to make only one claim. A claim must satisfy the requirements set forth in Section 10.03 of the Settlement Agreement and must be submitted on or before the Claims Deadline. The Claims Deadline shall be **November 15, 2016**. The Court hereby approves the claim form attached as Exhibit "E" to the Settlement Agreement.

14. Any Class Member who wishes to be excluded from the Class, and therefore not be bound by the terms of the Settlement Agreement, must advise the Claims Administrator in writing of that intent. To be effective, opt out requests must comply with the requirements of Section XII of the Settlement Agreement and must be postmarked no later than **August 25, 2016** ("Opt-Out Deadline"). Any Class Member who submits a valid and timely request for exclusion will not be a Settlement Class Member and shall not be bound by the terms of the Settlement Agreement.

15. The Parties shall submit a list of valid opt outs, by name only, to the Court after the Opt-Out Deadline passes and at or before the Final Approval Hearing.

16. Any Settlement Class Member (a Class Member who does not submit a valid and timely request to be excluded from the Class) may object to the fairness of the Settlement Agreement. Objections must comply with the requirements set forth in Section 12.02 of the Settlement Agreement and must be filed and served no later than **August 25, 2016**. Any Settlement Class Member who does not make an objection in the manner required herein shall waive and forfeit any and all rights to appear separately and/or object and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action.

17. Any Settlement Class Member who files a timely Objection that satisfies the requirements of Section 12.02 of the Settlement Agreement may appear at the Fairness Hearing, either in person or through an attorney hired at the Class Member's own expense, to object to the fairness, reasonableness, or adequacy of the settlement; provided, however, that no Settlement Class Member shall be heard unless such member files a notice of appearance with the Court no later than **August 25, 2016**, and serves a copy of such notice of appearance on counsel for all Parties.

18. All papers to be considered at the Fairness Hearing, including memoranda to be filed by the Parties in support of the settlement, shall be served and filed no later than **September 2, 2016**.

21. Except as provided herein, the Action is stayed pending the Court's final decision on the fairness of the proposed settlement.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of May, 2016