UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CONNECTOR CASTINGS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-cv-01148-PLC |
| | ) | |
| ARSHON SILICON TECHNOLOGIES, | ) | |
| INC. d/b/a ARSHON TECHNOLOGY, | ) | |
| INC. d/b/a ARSHON TECHNOLOGY | ) | |
| d/b/a ASTINCO, and SEYED-MAZIAR | ) | |
| HOSSEINI a/k/a MAZI HOSSEINI | ) | |
| | ) | |
| Defendants. | ) | |

**JUDGMENT AND ORDER OF FINAL APPROVAL OF CLASS ACTION
SETTLEMENT**

On May 24, 2016, this Court entered an order granting preliminary approval ("Preliminary Approval Order") of the settlement between Plaintiff Connector Castings, Inc. ("Plaintiff" or "Class Representative") and Defendants Arshon Silicon Technology, Inc., and Seyed-Maziar Hosseini ("Defendants"), as memorialized in the Proposed Settlement Agreement effective March 29, 2016 ("Settlement Agreement").

On September 16, 2016, the Court held a fairness hearing ("Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited to appear, including those with any objections.  An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order.  No persons appeared in Court seeking to address the proposed settlement and no objections were received.  Having considered the Parties' Settlement Agreement (ECF No. 60-1), Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (ECF No. 59), the Memorandum in Support of Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement, and all other

evidence submitted,

**IT IS HEREBY ORDERED THAT:**

1.      This Court has jurisdiction over Plaintiff, Defendants, members of the Settlement

Class and the claims asserted in the Litigation.

2.      The Settlement Agreement was entered into in good faith following arm's-length

negotiations and is non-collusive.

3.      This Court **GRANTS** Plaintiff's motion for final approval of the Settlement

Agreement (ECF No. 59), including but not limited to the releases in the Settlement Agreement,

and finds that it is in all respects fair, reasonable, and adequate in light of the:  (a) merits of

Plaintiff's case weighed against the terms of the Settlement Agreement; (b) Defendants' financial

condition; (c) complexity and expense of further litigation; (d) lack of opposition to the

Settlement; and (e) experience and views of counsel.  Therefore, all members of the Class, none

having opted out, are bound by this Judgment and Order of Final Approval of Class Action

Settlement.

## Class Certification

4.      The previously certified class ("Class") is now finally certified pursuant to

Federal Rule of Civil Procedure 23(a) and (b)(3):

> All individuals or entities in the United States who (1) who subscribed to a
> telephone facsimile number from April 24, 2011, through the date of preliminary
> approval to which a telephone facsimile message of material advertising the
> commercial availability or quality of any property, goods, or services was sent by
> or on behalf of Defendants during that time period, (2) with respect to whom
> Defendants cannot provide evidence of prior express invitation or permission for
> the sending of such faxes, and (3) either (a) with whom Defendants do not have
> an established business relationship, or (b) the fax identified in subpart (1) of this
> definition (i) did not display a clear and conspicuous opt-out notice on the first
> page stating that the recipient may make a request to the sender of the
> advertisement not to send any future advertisements to a telephone facsimile
> machine or machines and that failure to comply, within 30 days, with such a

request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful, (ii) lacked a telephone number for sending the opt-out request, or (iii) lacked a facsimile number for sending the opt-out request.

5.      The Court finds that certification for purposes of settlement is appropriate in that (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; and (d) a class action is superior to other available methods for the fair and efficient adjudication of the issues relating to the settlement.

6.      Plaintiff Connector Castings, Inc., the class representative appointed in this Court's order preliminarily approving the settlement (ECF No. 54), has fairly and adequately represented the settlement class throughout the proceedings and is hereby finally designated as Class Representative.

7.      Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Ronald J. Eisenberg, Mary Schultz, and Robert Schultz of Schultz & Associates LLP, have fairly and adequately represented the interests of the Class throughout the proceedings and are finally designated as Class Counsel.

## Class Notice

8.      The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action.  The Court has approved the forms of notice to the Class.

9.      Pursuant to Federal Rule of Civil Procedure 23(c)(2) and (e), the notice provided to the Class constitutes the best and most practicable notice under the circumstances.  The Claims Administrator provided notice to the Class by direct mail.  For the small percentage of Class members whose notices were returned as undeliverable and for whom the Claims Administrator was unable to obtain new addresses, notice was provided via facsimile.  Direct notice reached 98.5% of the Class.

10.      In addition, the Claims Administrator posted on the Settlement Website, www.ArshonTCPASettlement.com, a Question and Answer Notice, the Preliminary Approval Order, Long Form Notice, Settlement Agreement, Claim Form, and Class Counsel's motion for attorneys' fees, expenses, and costs and for an incentive award for the Class Representative.  The Settlement Website also contained appropriate links through which Class members can still submit claims online.  The Claims Administrator also maintained a toll-free number, through which the Class could request a claim form and obtain additional information.

11.      The Court finds that Defendants provided notice to the appropriate State and federal officials in accordance with the requirements of 28 U.S.C. § 1715.  (See ECF No. 60-3).

### Objections and Opt-Outs

12.      No members of the Class objected to the Settlement Agreement.

13.      No members of the Class opted out of the Settlement Agreement.

### Class Compensation

14.      In accordance with the terms of the Settlement Agreement, Defendants shall create a Settlement Fund of $265,000 (Settlement Fund), separate and apart from any costs related to notice and administration.  No portion of the Settlement Fund shall revert back to Defendants.

15.     The Claims Deadline of November 15, 2016, has not yet been reached.  The Claims Administrator has estimated, however, that each qualified Class member will receive at least $1,000 (prior to deduction of taxes) for each fax advertisement received from Defendants.

16.     If any balance remains in the Settlement Fund after allocating $1,500 to each qualified Class member for each fax sent to that member's fax number, the remaining balance shall be distributed to the *cy pres* recipient, Michael J. Fox Foundation for Parkinson's Research. The *cy pres* recipient is appropriate because the services advertised in the faxes at issue included medical devices and the Michael J. Fox Foundation's mission involves medical research.

## Injunctive Relief

17.     Injunctive relief is ordered upon Defendants in accordance with the requirements of Federal Rule of Civil Procedure 65(d)(1).  The specific act restrained by this injunction is the sending of facsimile advertisements without TCPA-compliant opt-out notices.

18.     The Court orders that all future faxed advertisements Defendants send to recipients in the United States shall comply with the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 (TCPA), and corresponding regulations.  Unless the TCPA and corresponding regulations are amended as to the opt-out notice requirements, such faxed advertisements shall include the following opt-out notice:

> You may request that the sender not send any future advertisements to your telephone facsimile machine(s). In order for your request to be valid, (i) the request must clearly identify the facsimile number(s) to which the request relates; (ii) the request must be communicated to sender by calling <insert domestic, toll-free number>, sending a facsimile of the request to <insert domestic facsimile number> or by emailing the request to <insert e-mail address>; and (iii) the requesting party must not have subsequently provided express invitation or permission, whether written or unwritten, to sender to transmit advertisements to the telephone facsimile number(s) identified in the request. Sender's failure to comply, within 30 days, with a proper request is unlawful.

19.     Injunctive relief in this case is ordered (a) to prevent Defendants from violating the TCPA in the future should they engage in otherwise lawful advertising by facsimile, (b) because the Class members' receipt of money damages for faxes previously received would not alone prevent Defendants from sending future faxes lacking proper opt-out notices, (c) because injunctive relief was sought in the Complaint, and (d) because Defendants agreed to such relief in the Settlement Agreement.

### Releases

20.     Upon entry of this Judgment and Order of Final Approval of Class Action Settlement, Plaintiff and each member of the settlement Class shall be deemed to have granted the releases set forth in the Settlement Agreement, and Defendants and their agents and employees shall be deemed released in accordance therewith.

### Attorneys' Fees, Costs, and Incentive Award

21.     The Court **GRANTS** Plaintiff's Unopposed Motion for an Award of Attorneys' Fees, Costs and Expenses, and an Incentive Award to the Class Representative Class and supporting memorandum.  (ECF Nos. 59 & 60).

22.     The Court awards Class Counsel the sum of 1/3 of the Settlement Fund— $88,333.33—as an award of attorneys' fees to be paid from the Settlement Fund, and finds this amount of fees is fair and reasonable.  In addition, the Court awards Class Counsel $2,500 for costs and expenses and finds this documented amount to be fair and reasonable.

23.     In making this award of attorneys' fees and reimbursement of expenses, the Court has considered and found that:  (a) Class Counsel devoted substantial time and effort to pursuing this action; (b) the settlement will result in a meaningful recovery by all Class members; (c) Class Counsel conducted the litigation and obtained the settlement through the exercise of skill;

perseverance, and diligent advocacy; (d) had Class Counsel not obtained the settlement, there is a risk that the Class would ultimately recover less or nothing from Defendant; (e) the Class Notice informed the Class members that Class Counsel would seek attorneys' fees and expenses in the amount now awarded the Court, and no Class members filed objections concerning either the Settlement Agreement or the requested award of fees and expenses; (f)  the amount of the fee award was agreed to by the parties through arm's-length negotiations; and (g) the amount of attorneys' fees awarded is consistent with awards in similar cases.

24.     The Court grants Class Counsel's request for an incentive award to the class representative and awards $10,000 to Plaintiff Connector Castings, Inc.   The Court finds that the incentive award is fair and reasonable in light of the time and effort Plaintiff devoted to the prosecution of this litigation on behalf of the Class.   This payment shall be made from the Settlement Fund.

## Other Provisions

25.     The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

26.     The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, this Judgment and Order of Final Approval of Class Action Settlement, or the fact of the settlement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of liability, fault or wrongdoing, or in any way referred to for any other reason, by Plaintiff, settlement class members, Defendants, any releasing party or released party in this action or in any other civil, criminal, or administrative action or proceeding, except for purposes of enforcing the provisions of the Settlement Agreement and this

Judgment and Order of Final Approval of Class Action Settlement.  Without affecting the finality of this Judgment and Order, the Court, under the Court's contempt power, retains exclusive jurisdiction over this Action and the Defendants, Plaintiff, and settlement class members in this action regarding the settlement including without limitation the Settlement Agreement and this Judgment and order.

27.     The Court orders Defendants or their agents, to deliver $265,000 to the Claims Administrator in accordance with the Settlement Agreement.

28.     The Claims Administrator shall pay all timely and valid claims, the incentive award and Class Counsel's costs and expenses in accordance with the provisions of this Judgment and Order and the Settlement Agreement.

29.     Following the payment of all timely and valid claims, the incentive award and Class Counsel's costs and expenses, should any funds remain (including any uncashed checks) below the amount of the Settlement Fund, the remaining funds shall be distributed to the *cy pres* recipient, the Michael J. Fox Foundation.

30.     Class Counsel or the Claims Administrator shall file an affidavit of final accounting of the settlement by March 15, 2017.

31.     Within seven days of the filing of an affidavit of final accounting, Class Counsel shall file a dismissal with prejudice.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of September, 2016